JUDGE ENGELMAYER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 1227

------------------------------------------------------------ x

WARNER SAINTVIL,

                Plaintiff,

-against-

CITY OF NEW YORK; Police Officer ALEXANDRA MOJICA, Shield No. 4272; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.

**COMPLAINT**

Jury Trial Demanded



------------------------------------------------------------ x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff WARNER SAINTVIL ("plaintiff" or "Mr. SAINTVIL") is a resident of New York County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer ALEXANDRA MOJICA, Shield No. 4272 ("MOJICA"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant MOJICA is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. Plaintiff, a cabdriver, is fifty-eight years old and has no criminal record.

13. At approximately 6:10 p.m. on September 10, 2013, plaintiff dropped off a passenger and made a left onto 123rd Street in New York, NY.

14. As plaintiff approached 258 West 123rd Street there was a van stopped in the road impeding his progress. Plaintiff waited behind the van for a few minutes.

15. The van was unable to move because a police vehicle was double parked leaving little room.

16. Plaintiff exited his vehicle, approached the van, and asked the driver if he needed help moving his car. Plaintiff, a professional driver, is adept at navigating vehicles through small spaces.

17. As plaintiff was talking to the driver of the vehicle, two police officers, including Mojica, approached plaintiff.

18. Defendats, including Mojica, told plaintiff he was not to move the van as she feared her double-parked police car would be struck.

19. Plaintiff explained that he was trying to help and believed that he could safely move the van.

20. Defendants then asked plaintiff if he was "in a hurry".

21. Plaintiff and the driver of the van exchanged a smile and plaintiff began walking back to his car.

22. Before plaintiff could re-enter his car, Defendants, including Mojica ordered plaintiff to produce his license and registration.

23. As plaintiff entered his car to retrieve these documents, he asked the officer what he had done wrong.

24. Angered by plaintiff's questions, defendants told plaintiff that he was going to be arrested.

25. Despite the fact that they had no probable cause to believe that he had committed any crimes or offenses, plaintiff was placed plaintiff under arrest.

26. Plaintiff was then transported to the police precinct.

27. At the precinct the officers falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff commit the following crimes/offenses: Obstructing Governmental Administration, (PL 195.05); and Disorderly Conduct, (PL 240.20).

28. At no point did the officers observe plaintiff commit any crimes or offenses.

29. Plaintiff was subsequently transported to Manhattan Central Booking, and was arraigned thereafter in New York County Criminal Court, where his case was assigned docket number 2013NY070177.

30. Plaintiff's subsequently accepted an adjournment in contemplation of dismissal.

31. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

38. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The individual defendants created false evidence against Plaintiff.

41. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

42. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Abuse Of Process

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The individual defendants issued legal process to place Plaintiff under arrest.

46. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

47. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

51. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   February 25, 2014
         New York, New York

_____
Robert Marinelli
299 Broadway, 15th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*